IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Immigrant Advocates Response Collaborative, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>U.S Department of Homeland Security; <br>U.S. Immigration and Customs Enforcement; <br>U.S. Department of State; and <br>Federal Bureau of Investigation, <br><br>　　　　Defendants. | Civil Action No. 1:21-cv-1235 (TJM/CFH) |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, seeking the immediate release of records by Defendants U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), U.S Department of State (DOS), and the Federal Bureau of Investigation (FBI) related to the Criminal History Information Program (CHIP) Criminal History Information Sharing (CHIS) program and the Biometric Identification Transnational Migration Alert Program (BITMAP).

2.  These programs operate to collect and share information related to the alleged criminal history of noncitizens or those perceived to be noncitizens, both between federal agencies and with foreign governments. When shared with foreign governments and across agencies, the information contained in CHIP, CHIS, and BITMAP—including biographical and biometric data and information regarding alleged criminal histories and alleged gang affiliations—has far reaching consequences for the individuals subject to the data-collection, both within the United States and, following deportation, in countries participating in those programs.

1

3. Plaintiff Immigrant Advocates Response Collaborative (I-ARC) submitted FOIA requests to DHS, ICE, and DOS on October 5, 2020, and to FBI on August 25, 2021, requesting the release of records related to the management and implementation of CHIP, CHIS, and BITMAP.

4. To date, Defendants have not produced any records or other substantive responses to the requests, in violation of their obligations under FOIA.

5. Plaintiff now asks this Court to order Defendants to locate and release all records responsive to the requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552, *et. seq.* (FOIA statute), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act).

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1), because Plaintiff's principal place of business is in Albany, New York, within this district, Defendants are agencies of the United States, and no real property is involved in the action.

8. Because Defendants failed to comply with the applicable time limitations in responding to Plaintiff's FOIA requests, Plaintiff is deemed to have exhausted administrative remedies in connection with the requests. 5 U.S.C. § 552(a)(6)(C)(i).

## PARTIES

9. Plaintiff I-ARC is a 26 U.S.C. § 501(c)(3) organization with its principal place of business at 150 State Street, 4th Floor, Albany, NY 12205. Plaintiff I-ARC is dedicated to increasing access to justice and access to counsel for all immigrant New Yorkers. It spearheads a coalition of more than 80 legal service providers and professional associations assisting immigrants across New York State. Through this coalition, I-ARC mobilizes legal services providers in New York State by facilitating communication and information sharing to better support immigrant communities; organizes legal service providers and communities to respond collectively to challenges as they arise by

coordinating resources and fostering best practices among providers; and resists anti-immigrant policies by shining a light on injustices and inequalities faced by immigrant communities in the legal system.

10. Defendant U.S. Department of Homeland Security is an executive agency of the United States and an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS has in its possession, custody, and control records that I-ARC seeks.

11. Defendant U.S. Immigration and Customs Enforcement is a component agency of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(l). Defendant ICE has in its possession, custody, and control records requested by Plaintiff.

12. Defendant U.S. Department of State is an executive agency of the United States and an agency within the meaning of 5 U.S.C. § 552(f)(1). DOS has in its possession, custody, and control records that I-ARC seeks.

13. Defendant Federal Bureau of Investigation is a component agency of the U.S. Department of Justice and an agency within the meaning of 5 U.S.C. § 552(f)(1). FBI has in its possession, custody, and control records that I-ARC seeks.

## FACTS

### CHIP

14. The Criminal History Information Program (CHIP) provides for sharing of information with certain law enforcement officials in Central American countries. CHIP was initiated in 2012 and is operated by Defendant FBI. Through CHIP, Defendants provide participant countries with biographical and background information regarding repatriated individuals, including alleged criminal history and gang contacts.

### CHIS

15. The Criminal History Information Sharing (CHIS) program provides for sharing of

information between the United States and certain foreign countries, including Mexico, Guatemala, Honduras, El Salvador, the Dominican Republic, and Jamaica. CHIS was initiated in 2010 and is operated by Defendant ICE. Through CHIS, Defendant ICE provides participant countries with biographical, biometric, and descriptive information regarding individuals repatriated from the United States, including information regarding those individuals' alleged immigration, employment, family, educational, and criminal histories and gang affiliations. CHIS also permits the participant countries to share information, including alleged biographical and criminal history, regarding repatriated individuals with Defendant ICE.

16.    CHIS information sharing includes data in the Enforcement Integrated Database (EID), a database operated by Defendant DHS, including information related to investigation, arrest, detention, and removal of individuals through ICE and U.S. Customs and Border Protection (CBP) enforcement operations. EID also includes information from the National Crime Information Center (NCIC) database, an index maintained by Defendant FBI.

17.    Information received from participant countries through CHIS is also entered in EID.

18.    Through CHIS, Defendants have shared information relating to tens of thousands of individuals with the governments of the countries to which they were repatriated, including information related to alleged criminal and alleged gang affiliations.

## BITMAP

19.    The Biometric Identification Transnational Migration Alert Program (BITMAP) has provided for information sharing between law enforcement agencies in certain foreign countries, including Colombia, Costa Rica, the Dominican Republic, El Salvador, Guatemala, Honduras, Mexico, Panama, and the Philippines, and Defendant ICE since 2011. Through BITMAP, Defendant ICE provides training, equipment, and resources to participant countries to facilitate their collection of biometric and biographical data, including DNA, on individuals outside of the United States.

Participant countries share data collected through BITMAP with Defendant ICE.

20. Defendants utilize BITMAP data in a variety of contexts. Defendants incorporate BITMAP data into their own databases, including databases operated by Defendant FBI and Defendant DHS. The data is used in identification and screening of individuals in the United States. Additionally, Defendants have used BITMAP data in immigration and criminal enforcement, including in immigration courts and at U.S. consulates abroad.

21. BITMAP is operated by Defendant DHS and Defendant ICE, in consultation with Defendant DOS. BITMAP includes data gathered on more than one hundred thousand individuals.

## DHS FOIA Request

22. On October 5, 2020, I-ARC, along with the Deportation Defense Clinic within the Community Legal Assistance Corporation, also known as the Hofstra Law Clinic, at the Maurice A. Deane School of Law at Hofstra University (Hofstra),[1] submitted a FOIA request to DHS seeking records related to CHIP, CHIS, and BITMAP. *See* **Exhibit A**. Specifically, Plaintiff requested:

    (a) All documents, regulations, and guidelines relating to the management of the CHIP, CHIS, and BITMAP Programs.

    (b) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Criminal History Information Program (CHIP), Criminal History Information Sharing (CHIS), and the Biometric Identification Transnational Migration Alert Program (BITMAP) programs.

    (c) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Enforcement Integrated Database (EID) and the DHS Automated Biometric Identification System (IDENT) and for the United States to obtain similar information from the governments of El Salvador, Honduras, and Guatemala.

    (d) All training materials used to orient users to inputting and retrieving data from the CHIP and CHIS programs.

    (e) A list of agencies in the United States and El Salvador governments who have

---

[1] Hofstra is not a party in this lawsuit.

      user access for their employees or contractors for the CHIP and CHIS programs.

    (f) A list of funding sources and total funds used to operate and maintain the CHIP and CHIS programs.

    (g) Criteria used by US law enforcement personnel in the New York area to determine gang membership among the Central American population.

    (h) A list of crimes reported to foreign governments under CHIP.

23.    Together with the request, I-ARC and Hofstra sought expedited processing and a waiver of processing fees. *See id*.

24.    DHS did not timely respond to the request.

25.    On June 23, 2021, I-ARC and Hofstra treated DHS's failure to respond as a constructive denial and filed an administrative appeal. *See* **Exhibit B**.

26.    By letter dated July 23, 2021, DHS acknowledged the appeal. *See* **Exhibit C**.

27.    Even without expediting the request, DHS was statutorily required to respond to Plaintiff's FOIA request within 20 business days, i.e., by November 3, 2020, but it has not provided any documents in response to Plaintiff's request to date. *See* 5 U.S.C. § 552(a)(6)(A)(i). DHS was also statutorily required to make a determination with respect to Plaintiff's FOIA appeal within 20 business days, i.e., by July 22, 2021, but it has not provided a determination regarding Plaintiff's appeal to date. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

### ICE FOIA Request

28.    On October 5, 2020, I-ARC and Hofstra submitted a FOIA request to ICE seeking records related to CHIP, CHIS, and BITMAP. *See* **Exhibit D**. Specifically, Plaintiff requested:

    (a) All documents, regulations, and guidelines relating to the management of the CHIP, CHIS, and BITMAP Programs.

    (b) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Criminal History Information Program (CHIP), Criminal History Information Sharing (CHIS), and the Biometric Identification Transnational Migration Alert Program

        (BITMAP) programs.

(c) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Enforcement Integrated Database (EID) and the DHS Automated Biometric Identification System (IDENT) and for the United States to obtain similar information from the governments of El Salvador, Honduras, and Guatemala.

(d) All training materials used to orient users to inputting and retrieving data from the CHIP and CHIS programs.

(e) A list of agencies in the United States and El Salvador governments who have user access for their employees or contractors for the CHIP and CHIS programs.

(f) A list of funding sources and total funds used to operate and maintain the CHIP and CHIS programs.

(g) Criteria used by US law enforcement personnel in the New York area to determine gang membership among the Central American population.

(h) A list of crimes reported to foreign governments under CHIP.

(i) The Memorandum of Cooperation between ICE and the El Salvadoran Police Referenced in the following news release: https://www.ice.gov/news/releases/ice-el-salvador-signmemorandum-cooperation.

29.      Together with the request, I-ARC and Hofstra sought expedited processing and a waiver of processing fees. *See id*.

30.      By electronic mail dated October 26, 2020, ICE acknowledged receipt of the FOIA request and invoked a 10-day extension for responding provided at 5 U.S.C. § 552(a)(6)(B). *See* **Exhibit E**. ICE also granted the fee waiver request but denied the request for expedited processing. *See id*.

31.      On June 23, 2021, I-ARC and Hofstra treated ICE's failure to produce records as a constructive denial and filed an administrative appeal. *See* **Exhibit F**.

32.      By letter dated July 8, 2021, ICE acknowledged the appeal, "determined that a new search(s), or modifications to the existing search(s), could be made," and remanded the appeal "for

processing and re-tasking . . . to obtain any responsive documents." See **Exhibit G**.

33.     Even without expediting the request, ICE was statutorily required to respond to Plaintiff's FOIA request within 30 business days, i.e., by November 18, 2020, but it has not provided any documents in response to Plaintiff's request to date. See 5 U.S.C. § 552(a)(6)(A)(i), (B). Furthermore, following remand, ICE failed to respond to Plaintiff's FOIA request within 20 business days, i.e., by August 5, 2021. See 5 U.S.C. § 552(a)(6)(A)(i).

**DOS FOIA Request**

34.     On October 5, 2020, I-ARC and Hofstra submitted a FOIA request to DOS seeking records related to CHIP, CHIS, and BITMAP. See **Exhibit H**. Specifically, Plaintiff requested:

(a) All documents, regulations, and guidelines relating to the management of the CHIP, CHIS, and BITMAP Programs.

(b) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Criminal History Information Program (CHIP), Criminal History Information Sharing (CHIS), and the Biometric Identification Transnational Migration Alert Program (BITMAP) programs.

(c) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Enforcement Integrated Database (EID) and the DHS Automated Biometric Identification System (IDENT) and for the United States to obtain similar information from the governments of El Salvador, Honduras, and Guatemala.

(d) All training materials used to orient users to inputting and retrieving data from the CHIP and CHIS programs.

(e) A list of agencies in the United States and El Salvador governments who have user access for their employees or contractors for the CHIP and CHIS programs.

(f) A list of funding sources and total funds used to operate and maintain the CHIP and CHIS programs.

(g) Criteria used by US law enforcement personnel in the New York area to determine gang membership among the Central American population.

(h) A list of crimes reported to foreign governments under CHIP.

35.     Together with the request, I-ARC and Hofstra sought expedited processing and a waiver of processing fees. *See id.*

36.     On October 7, 2020, DOS acknowledged receipt of the FOIA request by electronic mail, denied the request for expedited processing, deferred a decision regarding a fee waiver, and invoked an extension of the FOIA deadline due to "unusual circumstances." *See* **Exhibit I**.

37.     On June 23, 2021, I-ARC and Hofstra treated DOS's failure to produce records as a constructive denial and filed an administrative appeal. *See* **Exhibit J**.

38.     By letter dated July 13, 2021, DOS responded to I-ARC and Hofstra's administrative appeal, stating that the "[y]our FOIA request is not subject to administrative appeal at this time, since no specific material has been denied in response to the request." *See* **Exhibit K**. The letter further confirmed that the "request is being processed" and that DOS had "begun the search for responsive records." *Id.*

39.     Even without expediting the request, DOS was statutorily required to respond to Plaintiff's FOIA request within 30 business days, i.e., by November 18, 2020, but it has not provided any documents in response to Plaintiff's request to date. *See* 5 U.S.C. § 552(a)(6)(A)(i), (B).

**FBI FOIA Request**

40.     On August 25, 2021, I-ARC and Hofstra submitted a FOIA request to FBI seeking records related to CHIP, CHIS, and BITMAP. *See* **Exhibit L**. Specifically, Plaintiff requested:

(a) All documents, regulations, and guidelines relating to the management of the CHIP, CHIS, and BITMAP Programs.

(b) All memorandums of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Criminal History Information Program (CHIP), Criminal History Information Sharing (CHIS), and the Biometric Identification Transnational Migration Alert Program (BITMAP) programs.

(c) All memorandums of understanding, agreements, treaties, or other materials

        outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the Enforcement Integrated Database (EID) and the DHS Automated Biometric Identification System (IDENT) and for the United States to obtain similar information from the governments of El Salvador, Honduras, and Guatemala.

    (d) All training materials used to orient users to inputting and retrieving data from the CHIP and CHIS programs.

    (e) A list of agencies in the United States and El Salvador governments who have user access for their employees or contractors for the CHIP and CHIS programs.

    (f) A list of funding sources and total funds used to operate and maintain the CHIP and CHIS programs.

    (g) Criteria used by US law enforcement personnel in the New York area to determine gang membership among the Central American population.

    (h) A list of crimes reported to foreign governments under CHIP.

41. Together with the request, I-ARC and Hofstra sought expedited processing and a waiver of processing fees. *See id*.

42. To date, FBI has not responded to the request.

43. Even without expediting the request, FBI was statutorily required to respond to Plaintiff's FOIA request within 20 business days, i.e., by September 23, 2021, but it has not provided any documents in response to Plaintiff's request to date. *See* 5 U.S.C. § 552(a)(6)(A)(i).

## CAUSES OF ACTION

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**
**(Plaintiff Against All Defendants)**

44. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

45. Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendants were obligated to promptly produce records responsive to Plaintiff's FOIA requests.

46. Plaintiff submitted the FOIA requests to DHS, ICE, and DOS on October 5, 2020, and the

FOIA request to the FBI on August 25, 2021. Defendants failed to issue a response, including a determination of whether to comply with the request and the reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and the corresponding regulations.

47. Defendants' failure to disclose all responsive records within the statutory time period therefore violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

## COUNT TWO

### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct an Adequate Search and to Disclose Responsive Records
### (Plaintiff Against All Defendants)

48. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

49. Under 5 U.S.C. § 552(a)(3), Defendants are obligated to conduct a reasonable search for records responsive to Plaintiff's FOIA requests and to promptly produce those records to Plaintiff.

50. Upon information and belief, Defendants have not conducted and/or completed any search for responsive records to Plaintiff's FOIA requests. Defendants have not produced any records responsive to the FOIA requests to Plaintiff. Plaintiff has a legal right to obtain such records, and no basis exists for Defendants' failure to search for them.

51. Defendants' failure to conduct a reasonable search and disclose all records responsive to Plaintiff's FOIA requests violates, at a minimum, 5 U.S.C. § 552(a)(3)(C) and the corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' failure to make a determination on Plaintiff's FOIA requests

within the statutory time frame, failure to conduct an adequate search for the records requested by Plaintiff, and failure to disclose the records requested by Plaintiff is unlawful;

5. Order Defendants to make a full, adequate, and expeditious search for the requested records;

6. Order Defendants to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendants from improperly withholding the requested records;

7. Order Defendants DHS, DOS, and FBI to waive search fees in accordance with 5 U.S.C. § 552(a)(4)(A)(viii) because they failed to timely respond to Plaintiff's FOIA requests;

8. Award Plaintiff costs and reasonable attorneys' fees under 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable statute or regulation; and

9. Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

s/*Trina Realmuto*
Trina Realmuto, NDNY Bar 703108
Kristin Macleod-Ball, NDNY 73190
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
kristin@immigrationlitigation.org

Camille J. Mackler*
Immigrant Advocates Response Collaborative
150 State Street, 4th Floor
Albany, NY 12207
(518) 888-4507
cmackler@immigrantarc.org

*Attorneys for Plaintiff*

* *Application for admission forthcoming*

Dated: November 15, 2021

12