Immigrant Advocates Response Collaborative<br>
150 State Street, 4th Floor<br>
Albany, New York<br>
12207

June 23, 2021

U.S. Department of State
Appeals Officer
HST Room B266
2201 C Street, NW
Washington, D.C. 20520

Re: Freedom of Information Act Request Appeal - CHIP and CHIS Databases and BITMAT Program

Dear FOIA Appeals Officer,

      The Immigrant Advocates Response Collaborative ("I-ARC") and the Deportation Defense Clinic within the Community Legal Assistance Corporation, also known as the Hofstra Law Clinic, at the Maurice A. Dean School of Law at Hofstra University ("Deportation Defense Clinic") hereby appeals the United States Department of State's ("DOS") constructive denial of I-ARC and the Deportation Defense Clinic's request for records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

Background:

      On October 5, 2020, I-ARC and the Deportation Defense Clinic submitted a FOIA request letter to the U.S. Department of State via Electronic Form Submission at foia.state.gov. In that request, I-ARC and the Deportation Defense Clinic requested copies of the following documents from DOS:

> **1.** All documents, regulations, and guidelines relating to the management of the Criminal History Information Program (CHIP), Criminal History Information Sharing (CHIS), and the Biometric Identification Transnational Migration Alert Program (BITMAP) programs.
>
> **2.** All memoranda of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras, Guatemala and the United States to maintain and access the CHIP, CHIS, and BITMAP Programs.
>
> **3.** All memoranda of understanding, agreements, treaties, or other materials outlining partnership between the governments of El Salvador, Honduras,

<span style="color:red">EXHIBIT J</span>

      Guatemala and the United States to maintain and access the Enforcement Integrated Database (EID) and the DHS Automated Biometric Identification System (IDENT) and for the United States to obtain similar information from the governments of El Salvador, Honduras, and Guatemala.

    **4.**    All training materials used to orient users to inputting and retrieving data from the CHIP and CHIS programs.

    **5.**    A list of agencies in the United States and El Salvadorian governments who have user access for their employees or contractors for the CHIP and CHIS programs.

    **6.**    A list of funding sources and total funds used to operate and maintain the CHIP and CHIS programs.

    **7.**    Criteria used by US law enforcement personnel in the New York area to determine gang membership among the Central American population.

    **8.**    A list of crimes reported to foreign governments under CHIP.

      On October 7, 2020, I-ARC and the Deportation Defense Clinic received an email acknowledging receipt of our request. That response denied our request for expedited processing, and stated that "this Office will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'" DOS has a statutory obligation to respond to I-ARC and the Deportation Defense Clinic's request within forty-five business days (i.e. due by November 19, 2020). DOS's failure to respond to I-ARC and the Deportation Defense Clinic's request within forty-five business days was a constructive denial of I-ARC and the Deportation Defense Clinic's FOIA Request.

DOS's impermissible silence prevents I-ARC and the Deportation Defense Clinic from understanding the basis for DOS's denial. If a search has not been undertaken, pursuant to DOS's obligations under FOIA, I-ARC and the Deportation Defense Clinic request that DOS begin one immediately.

If a search has been completed and no records were found, please describe the search method used. See Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990) ("An agency must show that a good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested.").

      If a search has been completed, and DOS is withholding responsive records, I-ARC and the Deportation Defense Clinic request that DOS release such records to our organizations immediately. "FOIA strongly favors a policy of disclosure and requires the government disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act. The government bears the burden of establishing that any claimed exemption applies." Wood v. FBI, 432 F.3d 78, 82-83 (2d Cir. 2005). DOS has not claimed that a statutory

exemption applies. Therefore, all responsive documents in DOS's possession must be disclosed to I-ARC and the Deportation Defense Clinic without delay.

Please respond within the twenty business day statutory period, 5 U.S.C. § 552(a)(6)(A)(ii), informing I-ARC and the Deportation Defense Clinic of the decision on appeal, including whether a search of responsive records has commenced or is completed.

Sincerely,

*[signature: Mackler]*

Camille J. Mackler